**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-60498-BLOOM/Valle**

JAZATLANTA 519 LLC,
d/b/a Hidden Villas Apartments,

      Plaintiff,

v.

BEAZLEY UNDERWRITING, LTD.,

      Defendant.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court on Plaintiff, JazAtlanta 519 LLC's ("JazAtlanta" or "Plaintiff") Motion to Strike Defendant's Affirmative Defenses ECF No. [29] (the "Motion"), filed on July 27, 2018. In the Motion, Plaintiff moves to strike twelve of Defendant Beazley Underwriting Ltd's ("Beazley" or "Defendant") fourteen affirmative defenses to Plaintiff's Amended Complaint. Plaintiff also requests the Court direct Defendant to pay Plaintiff's reasonable attorney's fees and costs in bringing the Motion. The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.    BACKGROUND

The case arises as a result of a March 9, 2017 fire at the Hidden Villas Apartments, Building B, in Decatur, Georgia (the "Property"). Amended Complaint, ECF No. [9] ¶ 12. At the time of the fire, Plaintiff owned the Property, and the Property was insured by Defendant

pursuant to an insurance contract (the "Policy") entered into between the parties prior to the fire. *Id.* ¶¶ 10, 12). Plaintiff subsequently filed a claim under the Policy, which has not been resolved.

In the Amended Complaint, Plaintiff alleges that Defendant has delayed its coverage determination and payment of the claim. Defendant filed its Answer and Counterclaim, ECF No. [26], asserting fourteen affirmative defenses. Plaintiff now moves to strike affirmative defenses 1-3 and 5-13. Defendant filed a response to the Motion, ECF No. [34], arguing that its affirmative defenses comply with the applicable notice requirements. In the alternative, Defendant requests the opportunity to amend any deficient affirmative defense.

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (internal citations omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Despite this discretion, "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002)

(quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

Under Rules 8(b) and (c), when pleading affirmative defenses, a defendant is required to give plaintiff fair notice of the nature of the defenses and the grounds upon which they rest. *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (quoting *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *2 (N.D. Fla. Jun. 25, 2012)) (internal quotation marks omitted). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)). Therefore, so long as Defendant's affirmative defenses give Plaintiff notice of the claims Defendant will litigate, the defenses will be found appropriately pled under Rules 8(b) and (c). *See Sparta*, 2013 WL 5588140, at *3 (holding affirmative defenses should be stricken only where they fail to give the plaintiff fair notice of the nature of the defense or where they are clearly insufficient as a matter of law).

Even so, under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it

is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. ANALYSIS[1]

#### A. First Affirmative Defense

Plaintiff argues that Defendant's First Affirmative Defense should be stricken because an assertion that a complaint fails to state a claim is "a defect in a party's claim," not an affirmative defense. Defendant concedes Plaintiff's basic premise but asks the court to treat its First Affirmative Defense as a specific denial, instead of striking it altogether. The Court agrees with Defendant that this is the prudent course of action, considering the disfavor with which courts view striking portions of pleadings. Thus, the Court will treat the First Affirmative Defense as a specific denial. *See McMullen v. GEICO Indem. Co.*, No. 14-CIV-62467, 2015 WL 11199534, at *3 (S.D. Fla. Jan. 13, 2015) (declining to strike defendant's "affirmative defense" that "Plaintiff's Complaint fails to state a cause of action upon which relief can be granted" and instead treating it as a specific denial); *see also Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1269 (3d ed. 2018).

#### B. Second, Fifth, Sixth, Seventh, and Thirteenth Affirmative Defenses

Defendant's Second, Fifth, Sixth, Seventh, and Thirteenth Affirmative Defenses assert that Plaintiff's claims are barred or limited by the applicable Policy terms and conditions and Florida Statutes. Plaintiff moves to strike these defenses, arguing that the defenses are "bare-bones legal conclusions . . . without sufficient facts to put [Plaintiff] on notice as to the nature of the affirmative defense." ECF No. [29] at 4-5, 7). Plaintiff also argues that Defendant's Fifth

---

[1] Defendant has withdrawn its third affirmative defense, ECF No. 34] at 5, thus the Court will not address the sufficiency of that defense.

Affirmative Defense, which states Plaintiff's "claim is barred by the Policy's Protective Safeguards Endorsement," is duplicative of Defendant's Second Affirmative Defense, which asserts that Plaintiff has failed to comply with "a condition precedent to coverage contained in the Policy's Protective Safeguards Endorsement." *Id.* at 4. The Court addresses these arguments in turn.

Defendant's Second, Fifth, and Sixth Affirmative Defenses provide fair notice to the extent that they identify the provisions and statute upon which Defendant relies to defend against insurance coverage and the breach of contract claims. *See* ECF No. [26] at 8-10 (referring to the Policy's "Protective Safeguards Endorsement," "Schedule of Locations," and Florida Statute § 627.702)); *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-cv-80972, 2017 WL 5159601, at *3 (S.D. Fla. Nov. 7, 2017) ("[The] Affirmative Defenses are sufficient as a matter of law as they give Plaintiffs notice of the specific coverage and exclusion provisions within the insurance policy upon which Defendant relies to defend against insurance coverage.").

Plaintiff also argues that Defendant's Second and Seventh Defenses should be stricken as the non-limiting language therein "leaves open a future attempt by [Defendant] to 'slip in' additional allegations not plead." *See* ECF No. [29] at 4-5). Defendant's use of non-limiting language is an attempt to create a catchall defense, which does not provide Plaintiff with fair notice as to the specific provisions at issue. To the extent that Defendant has not specified Policy provisions at issue, the Second and Seventh Affirmative Defenses are deficient.

Nevertheless, Defendant's Seventh Affirmative Defense is more appropriately considered a denial. The Seventh Affirmative Defense states, "[t]he Complaint is barred by JazAtlanta's failure to satisfy post-loss coverage conditions, including, but not limited to, the failure to cooperate and failure to permit access to books and records." ECF No. [26] at 9. This assertion

is a direct response to Paragraph 20 of Plaintiff's Amended Complaint which states, "Plaintiff provided numerous documents to Defendant, and submitted to an Examination Under Oath, thereby fully complying with the Policy's duties in the event of loss or damage." ECF No. [9] ¶ 20). As in *Kapow*, Defendant answered this paragraph by denying that Plaintiff "fully complied with the Policy's duties in the event of loss and damage." ECF No. [26] at ¶ 20); *Kapow*, 2017 WL 5159601 at *4. Thus, Defendant's Seventh Affirmative Defense "merely reiterate[s] Defendant's answers and denials of paragraph [20] of the Complaint." *Kapow*, 2017 WL 5159601 at *4. Rather than strike the defense, the Court treats Defendant's Seventh Affirmative Defense as a specific denial. *See id.*

Additionally, Defendant's Fifth Affirmative Defense is not duplicative of its Second Affirmative Defense, as the Fifth Defense posits that the terms of the entire endorsement bar Plaintiff's claim, whereas Defendant's Second Defense only asserts that certain conditions of the Policy's Protective Safeguards Endorsement were not met. The Court does not find that the defenses are duplicative of each other, as the Fifth Defense is broader than the Second Defense.

As such, the Court grants Plaintiff's motion to strike Defendant's Second Affirmative Defense, but denies the motion to strike Defendant's Fifth, Sixth, and Seventh Affirmative Defenses. Defendant has requested leave to amend any deficient defenses and the Court grants Defendant leave to amend its Second Affirmative Defense.

Defendant's Thirteenth Affirmative Defense "plead[s] the Policy *in extenso* as if fully stated herein." ECF No. [26] at 10. Plaintiff argues that the Court should strike this defense as it is improper "to allege the entire insurance policy as a defense" and that the defense is "devoid of any facts or allegations." ECF No. [29] at 7. The Court agrees. This defense is an impermissible catchall assertion that fails to provide Plaintiff any notice of specific policy

provisions at issue. *Kapow*, 2017 WL 5159601 at *3 (striking a similar affirmative defense as the "catchall assertion" did not provide Plaintiffs "notice of the provisions at issue other than to cite to the whole policy as a defense"). Therefore, the Court grants Plaintiff's motion to strike Defendant's Thirteenth Affirmative Defense, but also grants Defendant leave to amend the defense.

### C. Eighth Affirmative Defense

Defendant asserts arson as its Eighth Affirmative Defense. Plaintiff argues that this defense should be stricken as an impermissible bare-bones legal conclusion. Defendant's Eighth Affirmative Defense presents relevant facts to link the defense to the controversy. Defendant asserts that it is not liable for the loss "[t]o the extent [Plaintiff] directed or was otherwise involved in the arson." ECF No. [26] at 9. In doing so, Defendant attempts to avoid liability by presenting facts that may negate Defendant's responsibility to provide coverage. This defense provides fair notice as it puts into issue "relevant and substantial legal and factual questions" and Plaintiff has not shown that it will be prejudiced by allowing the defense to stand. *Niagara Distrib., Inc. v. N. Ins. Co. of N.Y.*, No. 10-61113-CIV, 2011 WL 13096637, at *1 (S.D. Fla. Apr. 8, 2011) (citing *Augustus*, 306 F.2d at 868) ("[W]here a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."). The merits of this defense will be determined at a later stage of this litigation. Therefore, the Court denies Plaintiff's motion to strike Defendant's Eighth Affirmative Defense.

### D. Ninth Affirmative Defense

Defendant's Ninth Affirmative Defense asserts that Defendant "performed all duties owed under the Policy other than any duties which were prevented or excused, and therefore,

never breached the policy." ECF No. [26] at 9. Plaintiff argues that this defense is merely a denial and a bare-bones legal conclusion. However, this defense is more than a mere denial as it does more than simply point out a defect in Plaintiff's case. *See Adams*, 294 F.R.D. at 671. Performance of a contract is an affirmative defense, not a denial. *See Madura v. BAC Home Loans Serv. L.P.*, No. 8:11-cv-2511-T-33TBM, 2012 WL 366925 (M.D. Fla. Feb. 3, 2012) ("Although some of Bank of America's affirmative defenses, such as 'Performance,' do not fall neatly within the list of affirmative defenses contained in Rule 8(c)(1), . . . [the defense] can be said to admit the allegations of the Amended Complaint but avoid liability based upon some negating factor."). Defendant also provides Plaintiff with fair notice as this defense puts into issue relevant and substantial factual questions. Therefore, the Court denies Plaintiff's motion to strike Defendant's Ninth Affirmative Defense.

### E. Tenth, Eleventh, and Twelfth Affirmative Defenses

Defendant's Tenth Affirmative Defense asserts that "[t]o rescind the Policy, [Defendant] is willing to return to [Plaintiff] premiums that [Plaintiff] paid for the Policy." ECF No. [26] at 9. Plaintiff argues that this assertion is not a legal defense and should be stricken. The Court agrees. Defendant's Tenth Affirmative Defense is not framed as an affirmative defense, as Defendant is not attempting to escape liability by presenting any negating matters. The defense is also deficient as Defendant provides no factual basis to justify rescission. Defendant contends that the defense should not be stricken as "[r]escission is an affirmative defense available to counter a claim of breach of contract." ECF No. [34] at 9 (citing *Rodriguez v. Allstate Ins. Co.*, No. 11-21042, 2011 WL 13223708, at *2 (S.D. Fla. May 23, 2011)). However, *Rodriguez* is distinguishable because the party asserting a defense of rescission supplied a factual basis for doing so. 2011 WL 13223708 at *2 ("Allstate asserts that there was never a 'meeting of the

minds' to form a contract of insurance."). Here, Defendant only states that it is "willing" to rescind the Policy. Therefore, the Court grants Plaintiff's motion to strike Defendant's Tenth Affirmative Defense; however, the Court grants Defendant leave to amend the defense to meet the requisite standard.

Defendant's Eleventh and Twelfth Affirmative Defenses assert "unclean hands" and "*forum non conveniens*." ECF No. [26] at 10. Plaintiff contends that both defenses are bare-bones legal conclusions without sufficient facts to provide fair notice. The Court agrees. Defendant does not present any factual basis to aver the relevance of either of these defenses. As such, Defendant fails to provide Plaintiff with fair notice as to the nature of the defense and the grounds upon which it rests. Therefore, the Court grants Plaintiff's motion to strike Defendant's Eleventh and Twelfth Affirmative Defenses; however, the Court grants Defendant leave to amend these defenses.

### F. Request for Attorney's Fees

In its prayer for relief contained within the instant Motion, Plaintiff requests that the Court require Defendant to pay reasonable attorney's fees and costs in prosecution of this motion. However, Plaintiff never presents any argument in the Motion nor its Reply, ECF No. [35], as to why it is entitled to attorney's fees. Moreover, Defendant points out that Plaintiff failed to comply with the pre-filing conference requirement of Local Rule 7.1(a)(3), which Plaintiff does not acknowledge or address. "The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL

6751663, at *1 (S.D. Fla. Dec. 1, 2014). As such, the Court denies Plaintiff's request for attorney's fees and costs.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [29]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. With respect to Defendant's First, Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses, Plaintiff's Motion is denied.

2. With respect to Defendant's Second, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses, Plaintiff's Motion is granted, with leave to amend.

3. Defendant shall file its amended affirmative defenses, if any, **on or before October 9, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record